IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

    Defendants.
_____

**ORDER HOLDING DEFENDANTS IN CONTEMPT**
_____

Miller, J.

    This matter is before me on plaintiff United States of America's (United States) motion to hold Defendants in contempt, filed June 2, 2005.

    On August 10, 2004, I ordered that Defendants (1) be preliminarily enjoined from violating various provisions of the Internal Revenue Code (IRC); (2) withhold and pay when due income, Social Security, and Medicare taxes from employees' wages; (3) pay Social Security and Medicare taxes as they become due; (4) file timely and accurate Forms 940, 941 and W-2 with the IRS, and send copies to the United States' counsel; (5) make payroll deposits within three days of each payroll, and fax a receipt thereof to IRS Agent Beth Nichols; (6) file accurate Forms 940 and 941 from prior years, starting in 2000; and (7) deliver to employees and post a copy of this order, and certify compliance with this provision.  (Aug. 10, 2004 order, at 15-17.)  In addition, I ordered that "this preliminary injunction binds Colorado Mufflers as well as its officers, shareholders, agents, servants, employees, attorneys, and persons in active

concert or participation with them, including defendants Richard D. Rudd, Sr., Dolores Rudd, Sherilyn Gallegos, Richard D. Rudd, Jr., and George Gallegos, III, in whatever form they continue to carry on the muffler business, under name of Colorado Mufflers, Exhaust Pros, or any other." (*Id.* at 15.)

On June 2, 2005, the United States moved to hold defendants Richard D. Rudd, Sr., Dolores Rudd, Sherilyn Gallegos, Richard D. Rudd, Jr., and George Gallegos, III (Defendants) in contempt for failing to comply with the order. By written order dated June 9, 2005, I ordered Defendants to show cause why they should not be held in contempt, and notified the parties that a hearing would be held on the matter on June 30, 2005. Although Defendants responded to my order to show cause, they did not appear at the hearing.

For the reasons stated on the record, I conclude that the United States has demonstrated by clear and convincing evidence that (1) a valid court order existed; (2) that Defendants had knowledge of the order; and (3) Defendants disobeyed the order. *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Consequently, I find that Defendants should be found in civil contempt.

Additionally, I find that, in order to coerce Defendants into compliance with the order, and to compensate the United States for its loss in tax revenue, each of the Defendants should be fined $100[1] for each day after June 30, 2005 that they do not

---

[1] Based on the testimony of Revenue Agent Nichols regarding the tax liability of the Defendants' muffler business in 1997, I found it a reasonable estimate that Defendants noncompliance with their federal tax obligations costs results in the loss of at least $100 per day to the United States.

comply with my August 10, 2004 order.  However, in order to insure that the fines are coercive and remedial, and not punitive, Defendants will not be assessed the fine if they comply by July 22, 2005.

A status conference will be held on July 29, 2005, to determine if Defendants remain noncompliant.  In addition, Defendants will be ordered to show cause on or before July 29, 2005 why I should not initiate criminal proceedings against them.  A showing of compliance with my August 10, 2004 order will suffice to demonstrate that criminal contempt proceedings should not be initiated.  However, should Defendants not appear at the July 29 status conference, I will initiate criminal contempt proceedings against them.

Accordingly, it is ordered:

1. Defendants Richard D. Rudd, Sr., Dolores Rudd, Sherilyn Gallegos, Richard D. Rudd, Jr., and George Gallegos, III are held in contempt of court.

2. Beginning July 1, 2005, each of these defendants will be assessed a $100 fine per day that they do not comply with my August 10, 2004 order, including by:

    a. withholding income, Social Security, and Medicare taxes from their employees' wages and when wages are paid and paying these taxes to the Internal Revenue Service as they become due;

    b. paying Social Security and Medicare taxes as they become

                due;

      c.      filing timely and accurate Forms 940, 941, and W-2 with the Internal Revenue Service as they become due, and filing the Forms W-2 with the Social Security Administration and issuing them to their employees.  Defendants shall send copies of all of these forms to counsel for the United States within three days after filing the originals.

      d.      making payroll tax deposits with the Defendants' bank and sending by fax to IRS Revenue Agent Beth S. Nichols at (303) 231-5265 a receipt for each employment tax deposit and a completed worksheet in the form attached to my August 10, 2004 order.

      e.      filing accurate Forms 941, beginning with the first quarter of 2000 and accurate Forms 940, beginning with the year 2000.

3. If Defendants have complied with these obligations by July 22, 2005, then no fine shall be assessed.

4. If Defendants fail to comply with these obligations, the daily fine will continue to accrue until they do comply, or I otherwise order.

5. A status conference on **July 29, at 3:30 p.m.** in the Alfred A. Arraj United States Courthouse, 901 19th St., Courtroom A902.

6. Defendants shall show cause on or before July 29, 2005 why I should not initiate criminal contempt proceedings against them.

DATED at Denver, Colorado, on July 1, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge