IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on various pending motions in this case. As supplemented by the reasons stated on the record at the June 30, 2005 hearing, these motions are decided as follows.

1.    <u>Motion for Reconsideration (Docket # 129).</u>

    On December 22, 2004, defendants Sherilyn Gallegos, George Gallegos III, and Richard Rudd jr. filed a Rule 52 Motion for Findings of Facts and Conclusions at Law and Motion for Reconsideration of Stay, etc. Therein, these defendants argue that I have failed to provide a finding of fact and conclusion at law for each and every point made by the defendants, and list fourteen "facts of errors" regarding my prior orders, including such arguments as that my granting relief to the United States is in error because Defendants are not found in any Federal or State nexus or venue; people are "not subject" to law called code; and there were no relevant verified facts before the court, only pleadings. Defendants appear to be moving for reconsideration

of my previous orders, including that of December 10, 2004.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law...It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also Benne v. Int'l Bus. Machines*, 87 F.3d 419, 428 (10th Cir. 1996) ("A motion to reconsider under Rule 59(e) should only be granted to correct manifest errors of law or present new evidence") (internal quotations omitted). None of these circumstances are present–rather, Defendants raise variations of previous arguments and new meritless arguments–none of which establish error. Furthermore, to the extent they seek findings under Fed. R. Civ. P. 52, (1) the rule applies to findings after a trial to the court, as so is inapplicable; and (2) regardless, my previous orders have contained findings of fact and law, describing why the Defendants are not entitled to the relief they seek.

This motion will be denied.

2.      Motion for Petition for Writ of Mandamus (Docket # 133)

On January 18, 2005, defendants Sherilyn Gallegos, George Gallegos III, and Richard Rudd jr. filed a "Motion for Petition for Writ of Mandamus," asking me to order the Secretary of Treasurer to give them a delegation of authority from the Secretary of Treasury to allow them to collect income tax. Such a request is not supported by law, and I have already ruled in my June 23, 2004 order on Defendants' motions to dismiss that such a delegation is not required for an employer to collect taxes.

This motion will be denied.

3.   Motion to Strike Response to Motion for Writ of Mandamus (Docket # 140)

On February 8, 2005, defendants Sherilyn Gallegos, George Gallegos III, and Richard Rudd jr., filed a motion to strike the United States' response to their motion for a writ of mandamus–however the motion is essentially a reply brief, and presents no legitimate reason to strike the response brief, and therefore will be denied.

4.   Petition to Vacate to Correct Manifest Injustice (Docket # 146), and Motion to Vacate and Motion for Void Judgment, motion for leave of court, Objection to Previous IRS Forms Being used as Evidence (Docket # 147), and Amended Motion to Void Orders (Docket # 162), Amended Motion to Vacate or Rescind Order (Docket # 165); Amended Motion for Leave of Court (Docket # 166)

On March 18, 2005 defendant Richard Rudd filed a "Petition" to correct manifest injustice, and on March 23, 2005 defendants Sherilyn Gallegos, George Gallegos III, and Richard Rudd jr., filed a similar motion "to be combined" with Rudd Sr.'s motion, which they replaced with various amended motions, including an "Amended Motion to Void Orders," filed April 12, 2005.

Essentially, the motions constitute Fed. R. Civ. P. 60(b) motions, seeking reconsideration of my prior rulings against the Defendants, and raising arguments–some identical to those previously raised–regarding why the federal tax laws do not apply to them.  Defendants do not demonstrate the need to correct manifest errors of law or present new evidence, see *Benne*, 87 F.3d at 428, and do not demonstrate "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief," as is necessary under Fed. R. Civ. P. 60(b).  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580

(10th Cir. 1996) .

These motions will be denied as without merit, with the exception of the Motion for Leave of Court, which seeks leave to file the amended motions, and which therefore will be denied as moot.

5.	Motion to Strike Defendants' Jury Demand (Docket # 156)

The United States moves to strike the Defendants' demand for a jury, arguing that neither the Constitution nor 26 U.S.C. § 7402 provide for a jury trial under these circumstances. Defendants generally respond that a jury trial is necessary under the Seventh Amendment.

"When a statute is silent on the right to a jury trial, [the court looks] to the Seventh Amendment to determine entitlement." *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995). Here, 26 U.S.C. § 7402 does not address the issue, and therefore the issue must be determined with reference to the Seventh Amendment, which provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII.

"[T]he Seventh Amendment does not apply to actions which involve only equitable rights or which traditionally arose in equity." *Bowdry*, 58 F.3d at 1489. I determine whether a statutory action involves legal or equitable rights by examining the nature of the issues involved and the remedies sought. *Id.* at 1489 n.12. An injunction is "inherently an equitable remedy." *Great-West Life & Annuity Ins. Co. v.*

...
...

*Knudson*, 534 U.S. 204, 211 n.1(2002). *See also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (it is well settled that the Seventh Amendment does not apply in suits seeking only injunctive relief).

Defendants have no right to a jury trial with regards to the United States' claim seeking a permanent injunction. *See United States v. Olsen*, No. 93-M-1012, 1997 WL 718469. at * 1 (D. Colo. July 15, 1997) (Matsch, C.J.) (finding in case brought pursuant to 26 U.S.C. § 7402(a), that "because an action for a permanent injunction was historically an action in equity, the issues are to be decided by the court without a jury"). *See also Steinert v. United States Government*, No. 90-C-1208, 1991 WL 191076, at *2 (10th Cir. Sept. 25, 1991) (petitioners, seeking to have IRS summons quashed, were seeking equitable relief and thus were not entitled to a jury); *Kennedy v. Rubin*, 254 F. Supp. 190, 194 (N.D. Ill. 1966) (suit brought under § 7604(a) of the IRC to compel compliance with administrative subpoena seeks mandatory injunctive relief and no right to jury trial attaches).

Based upon the United States' complaint, it appears that they seek only a permanent injunction, and do not also seek judgment for unpaid taxes. Consequently, this motion will be granted, without prejudice, however, to this issue being raised again should it become clear that the United States is seeking to a judgment for unpaid taxes.

6.     <u>Motion to Strike Previously Filed IRS Forms (Docket # 161)</u>

Defendants move to strike all "previously filed IRS and Treasury Department forms," as they do not provide evidence that Defendants were liable for income taxes

in other years and will prejudice Defendants. This motion is best construed as a motion in limine, brought pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Because I do not have the proper context to rule on this issue, the motion will be denied without prejudice to the Defendants objecting to the admission of irrelevant and unfairly prejudicial evidence.

7.  <u>Motions to Strike Attachment from United States' Response (Docket #s 175, 176, 178, and 180)</u>

On April 18, 2005, Defendants Sherilyn Gallegos, George Gallegos III, and Richard Rudd jr. filed a motion to strike the Tenth Circuit's order denying Dolores Rudd's appeal of my August 10, 2004 and December 10, 2004 orders, which the United States attached to its response to the above-discussed motions for reconsideration. Additionally, Dolores Rudd moves to strike the order because the United States' response did not address any of her own individual motions.

None of these are constitute legitimate reasons to strike the attachment, and the motions will be denied.

8.  <u>Objection to Magistrate Judge Shaffer's Denial of Discovery (Docket # 188)</u>

On May 16, 2005, Magistrate Judge Shaffer denied the Defendants' March 23, 2005 motion, seeking an order allowing them to seek discovery regarding whether the IRS had mislabeled them as being engaged in the taxable activity of "diesel fuel." On May 16, 2005, Magistrate Judge Shaffer denied the motion because (1) Defendants failed to comply with D.C.COLO.LCivR 7.1A; (2) the motion was untimely

under the scheduling order, and Defendants did not demonstrate provide good cause to amend the order; and (3) because the discovery sought was related only to the jurisdiction of the court, an issue that I have already decided.

Because Magistrate Judge Shaffer's order concerns nondispositive matters, I may reconsider it only if clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). *See also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (*quoting United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)) (under "clearly erroneous" standard, the reviewing court must affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed"); *Smith v. MCI Telecom. Corp.*, 137 F.R.D. 25, 27 (D.Kan. 1991) ("[b]ecause a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference").

Defendants do not meet their burden. In their objections, Defendants make clear that they seek the discovery at issue as relevant towards their argument that they are somehow outside of the jurisdiction of the IRS. I have already decided this issue against Defendants, and there is no reason to allow them futile discovery, especially this long after the discovery deadline has passed. Accordingly, this objection is overruled.

Accordingly, it is ordered:

1. The following motions are denied: Motion for Reconsideration/Rule 52 Motion (Docket No. **129**); Motion for Petition for Writ of Mandamus

(Docket No. **133**); Motion to Strike and Reply to Plaintiff's Response (Docket No. **140**); Petition to Vacate to Correct Manifest Injustice (Docket No. **146**); Amended Motion to Void Orders/Motion to Vacate/ Motion for Void Judgment, etc. (Docket Nos. **147** and **162**); Motion to Vacate or Rescind Order (Docket No. **165**); Amended Motion for Leave of Court (Docket No. **166**); and the Motions to Strike (Docket Nos. **175**, **176**, **178**, and **180**).

2. Plaintiff's Motion to Strike Jury Demand (Docket No. **156**) is granted, without prejudice to Defendants re-raising the issue should it become clear Plaintiff is seeking a judgment for Defendants' unpaid taxes.

3. Defendants' Motion Strike Previously Filed IRS Forms (Docket No. **161**) is denied without prejudice to Defendants' objecting to the admission of irrelevant or unfairly prejudicial evidence at trial.

4. Defendants' Objections (Docket No. **188**) are overruled.

DATED at Denver, Colorado, on July 1, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge