IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

     Defendants.

_____

**ORDER ON DEFENDANTS' MOTION TO SET ASIDE ORDER**
_____

Miller, J.

This matter is before me on the Defendants' Statement for the Record and Motion to Set Aside Default for Nonattendance at Motions Hearing of June 30, 2005. Defendants ask that I set aside my July 1, 2005 order granting Plaintiff's motion to hold Defendants in contempt for refusing to comply with my August 10, 2004 order.

Defendants indicate that they did not appear at a scheduled June 30, 2005 hearing because they believed that their presence was not required at the hearing. By order dated June 9, 2005, I ordered Defendants to show cause why Plaintiff's motion for contempt should not be granted, and stated in the order that a hearing would be held on the motion on June 30, 2005 in my courtroom. Although I give due regard to Defendants' status as pro se litigants, the term "hearing" has a commonly understood definition. For instance, the Merriam-Webster dictionary defines the term as the "opportunity to be heard, to present one's side of a case, or to be generally known or appreciated," or alternatively, as "a listening to arguments." Merriam-

Webster Online Dictionary, *at* www.webster.com (downloaded July 11, 2005). Consequently, I find Defendants' misreading of my order unreasonable.

In any case, my decision to hold Defendants in contempt was not based upon their absence, but upon Plaintiff's positive showing that contempt was warranted for their failure to comply with my August 2004 order. Moreover, Defendants' instant motion raises no meritorious arguments indicating that contempt is not appropriate in this case under Tenth Circuit precedent. *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Rather, as they did in their response to Plaintiff's motion to show cause,[1] Defendants again raise meritless arguments as to my jurisdiction over this matter, alleged fraud by Plaintiff's attorneys, etc., none of which indicate that they should not be held in contempt, nor that reconsideration is appropriate under Fed. R. Civ. P. 59(e). *See Benne v. Int'l Bus. Machines*, 87 F.3d 419, 428 (10th Cir. 1996) ("A motion to reconsider under Rule 59(e) should only be granted to correct manifest errors of law or present new evidence") (internal quotations omitted).

Defendants also assert that their "Counterclaims," filed June 22, 2005, have somehow stayed this case. This assertion is unsupported by any legal authority, including the inapplicable Colorado Rule of Civil Procedure they cite. Furthermore, Defendants have not obtained my permission for filing their counterclaims, as

---

[1] For instance, in their response to Plaintiff's motion for contempt, Defendants appeared to argue that under 5 U.S.C. § 552(a)(1), the Internal Revenue Code may not be enforced against them absent validly promulgated regulations. This argument is without merit.

2

required under Fed. R. Civ. P. 13(e). As a result, the counterclaims should be stricken.

Accordingly, it is ordered:

1. Defendants' motion to set aside default (Docket # 206) is denied.

2. The deadlines in my July 1, 2005 order remain in force.

3. Defendants "Counterclaims," (Docket #s 198, 199, 200, 201, and 202) are stricken.

DATED at Denver, Colorado, on July 11, 2005.

                                            BY THE COURT:

                                            /s/ Walker D. Miller
                                            United States District Judge