IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on the issue of whether criminal contempt proceedings should proceed against the individual defendants[1] in this case for their failures to comply with my August 10, 2004 order, which preliminarily enjoined them to undertake certain tasks pursuant to the federal tax laws.  For the reasons stated on the record at the July 29, 2005 hearing on the matter, as well as those discussed below, I find it necessary to refer this matter to the United States Attorney for the District of Colorado to initiate criminal contempt proceedings against the defendants.

    On August 10, 2004, I granted plaintiff United States' motion for a preliminary injunction and ordered that the defendants (1) be preliminarily enjoined from violating various provisions of the Internal Revenue Code (IRC); (2) withhold and pay when due

---

[1]The corporate defendant, Colorado Mufflers Unlimited, Inc., has apparently been dissolved.

income, Social Security, and Medicare taxes from employees' wages; (3) pay Social Security and Medicare taxes as they become due; (4) within 30 days of the date of the order, file timely and accurate Forms 940, 941 and W-2 with the IRS, and send copies to the United States' counsel; (5) make payroll deposits within three days of each payroll, and fax a receipt thereof to IRS Agent Beth Nichols; (6) file accurate Forms 940 and 941 from prior years, starting in 2000; and (7) deliver to employees and post a copy of this order, and certify compliance with this provision. (Aug. 10, 2004 order, at 15-17.) In addition, I ordered that "this preliminary injunction binds Colorado Mufflers as well as its officers, shareholders, agents, servants, employees, attorneys, and persons in active concert or participation with them, including defendants Richard D. Rudd, Sr., Delores Rudd, Sherilyn Gallegos, Richard D. Rudd, Jr., and George Gallegos, III, in whatever form they continue to carry on the muffler business, under name of Colorado Mufflers, Exhaust Pros, or any other." (Aug. 10, 2004 Order, at 15.)

When defendants failed to comply with the order, the United States sought civil contempt. I held a hearing on the motion on June 30, 2005, and found that the United States had demonstrated that civil contempt was appropriate under Tenth Circuit law. *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). In an effort to coerce the defendants into compliance with my August 2004 order, I ordered that they each be fined $100 for each day that they remained in noncompliance with the order, beginning July 1, 2005; however, I also ordered that no fine would be assessed if they complied with the August 2004 order by July 22, 2005. I also

ordered the defendants to show cause why they should not be prosecuted for criminal contempt on or before July 29, 2005, and noted that a showing of compliance with the August 2004 order would suffice to show such cause.

On July 29, 2005, I held a status conference on this matter. The United States tendered Federal Employment Tax Certifications for each quarter of the year 2000 and for July 2005, which defendants had provided it, and on all of which defendant Dolores Rudd had certified that no wages had been paid to employees.[2] Additionally, Rudd attached a five page legal brief to each certification setting forth meritless legal arguments, akin to those I have previously rejected, as to why "no wages were paid" for federal tax purposes in the relevant years and why she is not authorized to withhold and collect tax under the federal tax laws. At the July 29 status conference, Rudd argued that my August 2004 order was invalid using similar arguments. Additionally, defendant Sherilyn Gallegos argued that she should not be held in contempt because she pays no wages nor employs any employees.[3]

---

[2] These Certifications were marked as Court Exhibit 1.

[3] There was some indication at the hearing that the defendants may have attempted at some unspecified point to structure their business in such a manner as to treat employees as independent contractors, although Dolores Rudd noted that such considerations were unimportant based on her framing of the issues before me. As discussed in my August 2004 order, these defendants have attempted to employ a variety of schemes to avoid their obligations under the federal tax laws, including by creating sham trusts, and sham transfers of ownership interests and property to such trusts. (*See* Aug. 10, 2004 order at 4-9.) Furthermore, evidence, including their representations to government agents, indicate that the business has in fact hired employees during the relevant time. *Id.* at 8. For instance, on April 5, 2002, Dolores Rudd, acting as Vice President of Colorado Mufflers, sent the IRS a

The defendants' arguments asserted at the hearing, as well as those presented in motions for reconsideration of my July 1, 2005 contempt order, are without merit. The main argument defendants now rely upon appears to be that the Internal Revenue Code, enacted by Congress, may not have "general applicability" and "legal affect" unless it has been published in the Federal Register. This argument relies on  misapplication of law regarding promulgation of administrative regulations and is frivolous.

Defendants also argue that the transcripts of their depositions should be stricken because the attorneys who deposed them were employed by the United States, and thus should have been disqualified under Fed. R. Civ. P. 28(c). Rule 28(c), of course, applies to the officer or person before whom the deposition is being taken, not the attorneys deposing a witness. Thus, this argument is without merit.

Defendants argue that they failed to receive adequate statutory and

---

letter asking that Colorado Mufflers' status as a "withholding agent" be changed because Colorado Mufflers "presently only hires domestic citizens." *Id.* Likewise, at least one of the non-family member workers at the muffler business thought he was employed by Colorado Mufflers.

Finally, although the defendants vigorously have attempted to invalidate my August 2004 order, they have not relied on an argument that their employees are independent contractors either before me or the Tenth Circuit Court of Appeals; rather, they have rather relied on their obscure interpretations of federal tax law and out of context quotations from Supreme Court opinions, in attempts to demonstrate that the federal tax laws simply do not apply to businesses such as themselves. In particular, they did not raise this issue in response to either of my orders to show cause why they should not be held in contempt. Under these circumstances, this undeveloped assertion cannot, especially at this late date, excuse their refusal to comply with my August 10, 2004 order.

constitutional notice that they were required to make payroll deposits to their bank. Defendants' contention, that because they did not receive notice "by hand," notice of their obligation was somehow constitutionally defective has no basis. To the extent they argue they were denied the required statutory notice under 26 U.S.C. § 7512(b), it is still not clear to me that the United States has invoked 26 U.S.C. § 7512, thus triggering the provision's notice provisions. In any case, § 7402(a) gives me authority to issue such injunctions as I deem necessary or appropriate for the enforcement of the internal revenue laws. Defendants provide no authority indicating that my August 2004 order failed to provide them with adequate notice of their obligation to make payroll deposits.[4]

Defendants also raise issues regarding the revenue agent Nichol's conduct, but fail to demonstrate that such alleged misconduct could somehow invalidate my August 2004 order. Likewise, they assert that because I have previously found that the United States had complied with its obligations under 26 U.S.C. § 7401, which applies only to actions for the recovery or collection of tax, such a finding is inconsistent with an exercise of jurisdiction under § 7402(a). Even assuming defendants are right, and the United States need not have complied with § 7401, this

---

[4] Defendants comment that I noted a June 2004 order that, "were the United States later to attempt to hold the defendants liable for a failure to comply with § 7512(b)," the notice issue would be material. However, Defendants are not facing prosecution for their failure to comply with § 7512(b); they are facing prosecution for failure to comply with my August 10, 2004 order.

5

argument has no impact on my jurisdiction over this matter, nor does my prior application of the statute mean that defendants are entitled a jury trial.

Consequently, defendants continue to be in noncompliance with my August 10, 2004 order, and they have provided no reason why their noncompliance should be excused. As a result, I find it necessary to refer this matter to the U.S. Attorney to prosecute the defendants for criminal contempt under 18 U.S.C. § 401. For the contempt proceedings, the defendants shall be accorded those rights normally accorded criminal defendants, including the requirements that they:

> must be presumed innocent, proved guilty beyond a reasonable doubt, and accorded the right to refuse to testify against themselves, . . . must be advised of charges, have a reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses, . . .; must be given a public trial before an unbiased judge.

*Young v. United States ex. rel Vuitton et Fils S.A.*, 481 U.S. 787, 798-99 (1987) (internal citations omitted). Additionally, depending upon the penalty imposed, they may be entitled to a jury trial. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 838 (1994).

Accordingly, it is ordered:

1. Defendants' Motion for Reconsideration and/or to Void Order(s) and/or for New Hearing, filed July 20, 2005 (Docket # 211) is denied.

2. Defendants' Motion to Stay June 30, 2005 order, filed July 22, 2005 (Docket # 212) is denied.

3. Defendants Motion for Clarification, filed July 21, 2005 (Docket # 213) is

>
> denied.

4. Pursuant to Fed. R. Civ. P. 42(a)(2), this matter is referred to the United States Attorney for the District of Colorado to prosecute the individual defendants in this case for criminal contempt for failure to comply with my order issued August 10, 2004.

5. The U.S. Attorney shall apply to this court for an order to show cause or arrest order under Fed. R. Civ. P. 42(a)(1) on or before August 16, 2005.

DATED at Denver, Colorado, on August 2, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge