IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

      Plaintiff(s),

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

      Defendant(s).

_____

**ORDER**
_____

      This matter is before me on multitudinous motions filed by defendants–30 are

pending as of the end of August and several more have been filed.  In reality, most, if

not all, are repetitious.[1]  At most 6 or 7 different issues are presented for decision-

making and I will address them in more or less the same sequence as their filings.  I will

also attempt to group the motions by subject matter.

      1.  <u>Motions to postpone show cause hearings.</u>

      Defendants filed several motions (docket no. 221, 222, 228, 244 and 251) to

postpone any show cause hearing.  These motions are apparently based on my August

---

[1]The multiple filings appear to be the result of my comment that each defendant who is a human being may act as his or her own attorney in a *pro se* capacity but no such defendant could represent any other defendant because no defendant is an attorney admitted to practice before this court.  From the defendants appearances before me I find that defendant Dolores Rudd takes the leadership role in submitting argument and the remaining defendants follow her lead without any real change of substance.  I suggest it may be in the interest of all if defendants allowed their principal spokesperson to file a motion and the others simply file a statement that he or she joins in the motion.

2, 2005 order directing the United States Attorney to apply, on or before August 16, 2005, for a show cause or arrest order in accordance with Fed. R. Crim. P. 42(a)(1) by which defendants would be given notice of criminal contempt proceedings.  Defendants may perceive this order as setting a show cause hearing on August 16, 2005.  As the record demonstrates, that is incorrect.  Indeed, the United States has requested and been granted additional time to make such a filing.  Accordingly, no show cause hearing has yet been set and all of these motions should be denied as meaningless.

    2. <u>Motions for reconsideration.</u>

    Defendants have filed a series of motions in which they continue to argue their misdirected legal theories and other matters which should be considered pursuant to Fed. R. Civ. P. Rule 60(b).  These motions include the following:

    •"Motion for Void Orders" (docket nos. 233, 234, 240, 242 and 249), filed August 8, 2005, seeking to have my orders of July 29 and August 2, 2005 (and perhaps the July 1, 2005 order as well) "voided."  Defendants allege my bias, abuse of office and many other things, including becoming part of "the criminal element."

    •Motions "To Void Show Cause Hearing" (docket nos. 232, 235, 236, 241 and 250), filed August 8, 2005, asking that I "void the July 29, 2005 show cause hearing" because defendants were not tried by their peers, due process was violated in someway, the process "works a corruption of blood and Bill of Attainders upon me" and violates "the common law of default."

    •Defendants Sharon Gallegos, George Gallegos, III and Richard D. Rudd, Jr. filed motions "to purge contempt charges" (docket nos. 262, 264 and 265), on August

2

19, 2005, essentially arguing they are not employees, employers or shareholders of the corporate entity and cannot comply with my orders.

On August 2, 2005, Richard D. Rudd, Jr. filed an "Emergency First Amendment Petition for Declaratory Judgment" (docket no. 217).  On August 8, 2005, defendants Sherilyn Gallegos and George Gallegos III filed similarly styled petitions entitled Emergency Verified First Amendment Petition for Declaratory Relief (docket nos. 223 and 224).  On August 16, 2005, defendant Dolores Rudd filed her version as an Emergency Verified First Amendment Petition for Declaratory Judgment (docket no. 247).  All seek my recusal and in essence reconsideration of my previous rulings, repeating their same arguments.

Other than their requests for recusal, an issue which is addressed below, defendants persist in the same sort of arguments previously made where they attempt to fabricate some self-created legal excuse for their failure to follow the law and my orders.  Again, I construe these motions or petitions as seeking reconsideration of my previous orders pursuant to Fed. R. Civ. P. 60(b).  And again, I am not going to revisit issues previously determined.  These motions do not demonstrate any manifest error of law or present new evidence to suggest reconsideration.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Benne v. Int'l Bus. Machines*, 87 F.3d 419, 428 (10th Cir. 1996).  No circumstances have been shown that could justify extraordinary relief sought.  *See Cashner v. Freedom Stores,* 98 F.3d 572, 580 (10th Cir. 1996).  These motions or petitions are without merit and should be denied.

3. Motion for name change or substitution of party.

3

Defendant Dolores Rudd filed this motion on August 18, 2005 (docket no. 256), apparently seeking to substitute herself in place of the corporate entity, Colorado Mufflers, Unlimited, Inc.  Defendant supports her motion with some evidence that the corporation was dissolved in August of 2004, apparently after my August 10, 2004 order preliminarily enjoining the corporate entity as well as the other defendants. Regardless of whether the dissolution was effective before or after my August 10, 2004 order, the dissolved corporation has a continuing existence "to wind up and liquidate its business and affairs," which includes, among other things "discharging or making provision for discharging its liabilities."  Colo. Rev. Stat. § 7-114-105(1)(c).  Further, and more particularly, dissolution of the corporation does not "abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." Colo. Rev. Stat. § 7-114-105(f).  This action against Colorado Mufflers may continue.

Accordingly, the motion should be denied.

4.  Motion to remove default.

By motions filed on or about August 19 and August 22, 2005, defendants Sherilyn and George Gallegos as well as Richard Rudd, Jr. filed a self-styled "Motion to Remove Default" asserting somehow I had placed them in default.  (Docket nos. 259, 260 and 263).  These apparently stem from my observation during the July 29, 2005 hearing that the corporate defendant was in default because it was not represented by an attorney.  These defendants apparently believe that the corporation's default somehow extends to them.  That is not correct as each individual defendant has been allowed to represent him or herself.

4

Accordingly, these motions should be denied as moot as each has continued to represent him or herself in these proceedings.

5. <u>Motions for recusal.</u>

As a part of other motions addressing distinct issues and by motions directly requesting such action (docket nos. 220, 225, 226, 227, and 261) defendants seek my recusal or removal.

I interpret these motions or petitions to seek my disqualification because of bias, prejudice or lack of impartiality pursuant to 28 U.S.C. § 144 and 455. Generally, these sections are to be read or construed together when determining whether a judge should be disqualified. *United States v. Faul*, 748 F.2d 1204 (8th Cir. 1984), *cert. denied,* 472 U.S. 1027; *United States v. Comforte*, 624 F.2d 869 (9th Cir. 1980); *cert denied*, 449 U.S. 1012. As a general matter I decide the sufficiency of the motion myself without referral of the issue to another judge. *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976).

Before deciding these motions clarification of the procedural status of this case will assist in understanding my ruling. This is a civil proceeding but I have requested, pursuant to Fed. R. Crim. P. 42(a)(2) that the United States Attorney prosecute defendants for criminal contempt because of their failure to follow my orders. In accordance with the discussions during the October 12, 2005 status conference, it is anticipated that the United States Attorney will be prosecuting the defendants for criminal contempt by the initiation of a separate, new criminal case. That new case will be assigned to a district judge by random draw in accordance with standard court

5

procedures.  It is therefore unlikely that I will be the assigned judge.  Should that occur,

my recusal may or may not be appropriate given that failure to follow my orders will be

the issue presented.  I interpret defendants' motions to seek my disqualification in this

civil proceeding and not in the future criminal case.  Accordingly, this order is without

prejudice to defendants renewing their motion if the future criminal case is assigned to

me and I do not recuse myself.

     The reasons given for the requested recusal are best provided in defendants'

own words.  Defendant Dolores Rudd asserts I should recuse myself because

> (1) the coercion, threat and duress he perpetrated on the Petitioner and others, (2) conflict and impossibility in the law with his orders, (3) controversy about the facts (4) his prejudice against the Petitioner which shows the Judge's uneven hands (5) the inability of the petitioner to receive a fair trial from a judge who cannot be impartial because he has interest in protecting his previous decisions and therefore will not change his mind and who is trying to force a fraud upon me by using threat, duress and coercion; (6) being fundamentally unfair, practicing law from the bench and acting as the prosecutor rather than ruling with an even hand; (7) the impossibility in the law he has ordered me to perform, putting me in the middle that if I obey his orders I break other laws, but if I don't obey his order to collect employment taxes even though I have no employees, I could go to jail; (8) he calls everything I present as frivolous or without merit or taxpayer argument which allows him to not have to do the business of the court which is dig out the true facts; for instance, his inability to comprehend that the Sixteenth Amendment did not add people to the income tax, that his oath to the Constitution means he should protect my right to the pursuit of happiness which includes property and my right to earn a living without let or hindrance by Federal government but instead he denies my inalienable rights and insists he has the discretion to order me to collect tax (supposedly given him by the appeals court–which the appeals court did not give him authority to abuse his discretion) and (9) if it were found I do have authority to collect tax it is still peonage to require me to collect taxes, keep books, and file forms for no pay.

Emergency Verified First Amendment Petition for Declaratory Judgment (docket no.

247) at p. 24.

She also seeks my removal because my membership in the Colorado Bar Association and the American Bar Association keeps me from being an independent judge.  Motion for Independent Judge and Motion to Dismiss (docket no. 261) ("It appears that the American Bar Association is the source of the problem to all Americans as they have proffered under the ABA Professional Conduct Rules as the means to facilitate the demise of common law Trial by Jury."  At p. 3).  Other defendants have also urged that I have a prejudice against "tax protestors" and anyone who appears *pro se*.  *See* Motion to Recuse Judge (docket no. 255).

In determining the sufficiency of recusal motions I apply the objective standard of whether a reasonable person with knowledge of the facts "would harbor doubts about the judge's impartiality."  *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002), citing to *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  The inquiry is not limited to actual bias or prejudice but instead includes whether there is an appearance of bias.  *Id.*

In applying this standard I should first determine whether there is a "reasonable factual basis" for questioning the judge's impartiality.  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (emphasis in the original).

To provide context for making that determination, I note that a judge is presumed to be impartial.  *See In Re Larson*, 43 F.3d 410, 414 (8th Cir. 1994).  Certainly, the statutes providing for disqualification do not presume recusal is required just upon the unsubstantiated suggestion of bias.  "The statute is not intended to give litigants a veto

power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.*

Indeed, it is to be remembered there is also a duty to serve and I should not recuse

when there is no occasion to do so. *Id.* at 994.

There are many factors that have been recognized as not justifying recusal.

These include:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion,
> opinion, and similar non-factual matters, . . . (2) the mere fact that a judge
> has previously expressed an opinion on a point of law . . . (3) prior rulings
> in the proceeding, or another proceeding, solely because they were
> adverse, . . . (4) mere familiarity with defendant(s), or the . . . kind of
> defense presented . . . (5) baseless personal attacks on . . . the judge . . .
> (7) threats or other attempts to intimidate the judge.

*Id.*

I find generally that defendants' motions are of this ilk that are not adequate to

justify a recusal. They continue to object to my prior rulings because they were

adverse. Such rulings alone cannot be a basis for recusal. *Green v. Dorrell*, 969 F.2d

915, 919 (10th Cir. 1992). Defendants engage in speculation and suspicion to make

conclusory allegations against me without any factual basis. For example, because I

strongly encouraged defendants to hire independent counsel rather than representing

themselves, including the "fool for a client" aphorism attributed to Lincoln, defendants

assert I am prejudiced against *pro se* parties. Similarly, mere membership in the

Colorado or American Bar Associations is not sufficient to show bias, prejudice or an

appearance thereof. *Bryce,* 289 F.3d at 660. (group membership alone insufficient to

create appearance of bias.)

I find that defendants have not provided a reasonable factual basis for a person

familiar with all of the relevant facts to doubt my impartiality in this matter.  The motions

should be denied.

      6.  <u>Motions for clarification</u>.

      Defendants George Gallegos III and Richard D. Rudd, Sr. have filed motions for

clarification (docket nos. 278 and 279).  Each addresses my observation that any *pro

se* defendant would not be able to prepare pleadings for the other to sign.  Each motion

seeks clarification to avoid an improper practice of law.  Hopefully my comments in note

1 above satisfactorily answer their questions so that the motions have become moot.

      7.  <u>Motion concerning *voir dire* of the court.</u>

      Defendant Dolores K. Rudd filed a self-styled "Notice of Voir Dire of the Court"

on October 7, 2005 (docket no. 277), declaring that she "must voir dire the court" on

certain subjects.  I interpret the "Notice" as a motion seeking relief.  The subjects she

seeks to address at the October 12, 2005 status apparently concern my credentials to

hear this case.  I have difficulty understanding the subject matter she wishes to

address.  Rather than speculating as to her desires, I will simply deny the motion as

moot given the fact that the October 12 hearing has been held.

      Accordingly, it is ordered that the following motions or petitions are denied:

      1.  Docket no. 217, entitled Emergency First Amendment Petition for Declaratory

Judgment.

      2.  Docket no. 220, Correction Motion to Recuse Judge.

      3.  Docket no. 221, entitled Motion to Postpone Show Cause Hearings.

      4.  Docket no. 222, entitled Motion to Postpone Show Cause Hearings.

5.  Docket no. 223, entitled Emergency Verified First Amendment Petition for Declaratory Judgment.

6.  Docket no. 224, entitled Emergency Verified First Amendment Petition for Declaratory Judgment.

7.  Docket no. 225, entitled Motion to Recuse Judge.

8.  Docket no. 226, entitled Motion to Recuse Judge.

9.  Docket no. 227, entitled Motion to Recuse Judge.

10. Docket no. 228, entitled Motion to Postpone Show Cause Hearings.

11. Docket no. 232, entitled Motion to Void Show Cause Hearing.

12. Docket no. 233, entitled Motion for Void Orders.

13. Docket no. 234, entitled Motion for Void Orders.

14. Docket no. 235, entitled Motion to Void Show Cause Hearing.

15. Docket no. 236, entitled Motion to Void Show Cause Hearing.

16. Docket no. 240, entitled Motion for Void Orders.

17. Docket no. 241, entitled Motion to Void Show Cause Hearing.

18. Docket no. 242, entitled Motion for Void Orders.

19. Docket no. 243, entitled Emergency Verified First Amendment Petition for Declaratory Judgment.

20. Docket no. 244, entitled Motion to Postpone Show Cause Hearings.

21.  Docket no. 247, entitled Emergency Verified First Amendment Petition for Declaratory Judgment.

22. Docket no. 249, entitled Motion for Void Orders.

23. Docket no. 250, entitled Motion to Void Show Cause Hearing.

24. Docket no. 251, entitled Motion to Postpone Show Cause Hearings.

25.  Docket no. 252, entitled Motion to Recuse Judge.

26. Docket no. 256, entitled Motion for Name Change or Substitution of Party or other.

27. Docket no. 259, entitled Motion to Remove Default.

28. Docket no. 260, entitled Motion to Remove Default.

29. Docket no. 261, entitled Motion for Independent Judge and Motion to Dismiss.

30. Docket no. 262, entitled Verified Motion to Purge Contempt Charge.

31. Docket no. 263, entitled Motion to Remove Default.

32. Docket no. 264, entitled Verified Motion to Purge Contempt Charge.

33. Docket no. 265, entitled Verified Motion to Purge Contempt Charge.

34.  Docket no. 277, entitled Notice of Voir Dire of the Court.

It is further ordered the motions for clarification (docket nos. 278 and 279) are granted to the extent of this order.

DATED at Denver, Colorado, on November 7, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge