IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-1310-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on various pending motions in this case. These motions are decided as follows.

1.     <u>(Docket Nos. 314, 315, 316 & 332) Dispositive Motions</u>

    Following a scheduling conference held on November 13, 2003, the deadline for filing dispositive motions in this case was set for August 20, 2004. This deadline was never extended beyond October 1, 2004. (*See* August 26, 2004 Order, Docket No. 110.) Nonetheless, the defendants have filed four motions for dismissal and/or for summary judgment since June of 2006.

    To the extent these motions raise the issue of subject matter jurisdiction — which may be raised at any time — I continue to find, as I stated in my June 23, 2004 Order, that jurisdiction is clear under 28 U.S.C. §§ 1340, 1345 & 26 U.S.C. § 7402(a). To the extent these motions raise other issues, the motions will be denied because they are not timely. Fed. R. Civ. P. 16(b)(2); *Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir.

1988).

2.  (Docket Nos. 313, 318 & 328) Motions Regarding Exhibits and Testimony

    a.  (Docket No. 313) Notice of Motion to Enter Evidence into the Record

In this motion, the defendants provide a large number of marked exhibits and ask that they be entered into the record — presumably as evidence in the upcoming trial.  Such a practice does not comport with the instructions contained in my pretrial procedures.  Defendants' motion will therefore be denied without prejudice to these exhibits being entered into evidence pursuant to my pretrial procedures and the Federal Rules of Evidence.

    b.  (Docket No. 328) The Government's Motion in Limine

In apparent response to the defendants motion to enter evidence into the record (Docket No. 313), the government asks that I exclude exhibits A101, A109, & A110 from that motion.  As grounds, the government summarily cites authenticity, relevance, and hearsay, but states that it will withdraw this objection upon an adequate showing on these issues.

Notably however, the government does not demonstrate why these issues are better decided prior to trial.  In fact, the government's statements that it will withdraw its objections upon adequate showings indicates that these issues are better decided in the context of trial.  Therefore, this motion will be denied without prejudice to the government objecting at trial.

    c.  (Docket No. 318) The Defendants' Motion in Limine

The defendants' motion in limine asks for the exclusion of two categories of

evidence. First, citing Rule 403, the defendants seek to exclude various copies of previous tax filings from their business. Second, they seek to exclude testimony from Revenue Agent Beth Nichols because she lacks personal knowledge of many of the things the defendants expect her to testify about.

Regarding the tax filings, the government persuasively argues that these documents are quite relevant. They are useful to demonstrate how and why the defendants stopped paying their taxes, they form a primary basis for estimating the defendants' tax liabilities, and they show how the defendants originally classified employees. In addition, the defendants have failed to demonstrate why prejudice from these documents should be considered unfair.

Regarding the testimony from Ms. Nichols, the government responds that it does not intend to offer her deposition, and argues that she does have personal knowledge of a great deal of relevant information.

As with the government's motion in limine, I find that these issues are better decided in the context of trial. Therefore, this motion will be denied without prejudice to the defendants raising timely objections at trial.

3. (Docket Nos. 286, 287, 288, 291, 292, 293, 298, 300, 307, & 344) Defendants' Remaining Motions

Defendants remaining motions all seek to either clarify issues that have already been sufficiently explained, or they represent a mere rehashing of previously rejected arguments. In short, I find that these motions have no merit and should be denied.

Accordingly, it is ordered that the following motions are denied:

1. Defendants' Motion for Clarification (Docket No. 286), filed November 11, 2005;

2. Defendants' Re-submission of Motion for Clarification (Docket No. 287), filed November 11, 2005;

3. Defendants' Verified Motion for Clarification (Docket No. 288), filed November 18, 2005;

4. Defendants' Motion for Leave of Court (Docket No. 291), filed November 25, 2005;

5. Defendants' Verified Motion to Reconsider Trusts as Sham (Docket No. 292), filed November 25, 2005;

6. Defendants' Motion to Vacate Determination Trusts are Sham (Docket No. 293), filed November 25, 2005;

7. Defendants' Motion for Clarification Regarding Obligation to File Forms and Liability to Pay Taxes not Withheld (Docket No. 298), filed December 2, 2005;

8. Defendants' Notice and Verified Motion for Clarification of Orders to File IRS Forms 940 and 941 and Fax Statement to Beth Nichols, IRS Agent (Docket No. 300), filed December 30, 2005;

9. Defendants' Notice of Motion for Judgment on Certain Issues, Facts and Law Notice (Docket No. 307), filed April 14, 2006;

10. Defendants' Notice of Motion to Enter Evidence into the Record (Docket No. 313), filed June 16, 2006;

11. Defendants' Notice of Motion for Summary Judgment and Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 314), filed June 16, 2006;

12. Defendants' Notice of Motion for Summary Judgment and Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 315), filed June 16, 2006;

13. Defendants' Notice of Motion for Summary Judgment and Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 316), filed June 16, 2006;

14. Defendants' Notice and Motion in Limine (Docket No. 318), filed June 29, 2006;

15. Plaintiff's Motion to Exclude Proposed Defendants' Exhibits A101, A109, A110 (Docket No. 328), filed July 6, 2006;

16. Defendants' Notice of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 332), filed July 7, 2006;

17. Defendants' Notice of Motion to 1) Reconsider, Set Aside and Vacate Orders of Temporary Injunction; 2) Stay Enforcement of Order for Temporary Injunction Pending Hearing on Motion to Reconsider, Set Aside and Vacate Same (Docket No. 344), filed July 13, 2006.

DATED at Denver, Colorado, on July 13, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge