IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01310-WDM-CBS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC., et al.,

      Defendants.
_____

### ORDER
_____

Miller, J.

      This matter is before me on various post-judgment motions currently pending in this case.  As discussed below, all of Defendants' motions will be denied.

1.    <u>Motions to Alter, Amend, or Reconsider (Docket Nos. 385, 388, 389, 391, 395, 406, 407, 408, 410, 412, 413, 414, & 419)</u>

      Defendants have filed an array of post-judgment motions.  In the motions listed above, the Defendants generally ask (under a variety of headings) that I alter, amend, or reconsider my findings of fact and the judgment against them.  As such, I will construe them as Fed. R. Civ. P. 52(b) or 59(e) motions if they were filed within ten days of the entry of judgment (Docket Nos. 385, 388, 389, 391, & 395), and Rule 60(b) motions otherwise (Docket Nos. 406, 407, 408, 410, 412, 413, 414, & 419).  *See* Fed. R. Civ. P. 52(b) & 59(e) (providing that motions pursuant to Rule 52(b) and 59(e) must be filed no later than 10 days after entry of the judgment); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

      A motion to alter or amend a judgment pursuant to Rule 59(e) should be granted

only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.; see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence") (internal quotation omitted).  The same is generally true of motions to alter or amend filed pursuant to 52(b).  *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) ("This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits.").  And the standards for relief under Rule 60(b) are even more onerous.  *See Van Skiver*, 952 F.2d at 1243-44 (noting that relief under Rule 60(b) is limited to "exceptional circumstances" and that it is not appropriate "to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the movants'] position.").

Considering Defendants' motions in light of these standards, I find that they lack merit and should be denied.  Defendants point to no change in the law, previously unavailable evidence, or exceptional circumstances.  Further, having reviewed my prior rulings, I find no clear error or manifest injustice.

2.   Motions for Extensions of Time (Docket Nos. 382 & 383)

Defendants Dolores Rudd and Sherilyn Gallegos have both filed "demands" for

extensions of time to respond to my findings of fact and conclusions of law, which were issued on March 30, 2007.  These demands, which I construe as motions to extend the deadlines contained in Rules 52(b) and 59(e), will be denied.  Even if I was inclined to grant such extensions, I am prohibited from doing so by Fed. R. Civ. P. 6(b).

3.      Motions to Stay Permanent Injunction (Docket Nos. 399 & 400)

Defendants Dolores and Richard Rudd Senior move for a stay of the permanent injunction against them until I have ruled on a "writ of error" they are currently working on, but have not yet filed.  These motions will be denied.  I will not stay my orders based upon the mere possibility that these defendants might be able to present a meritorious motion for relief sometime in the future.

4.      Motion for Action and Answers from the Court (Docket No. 411)

Dolores Rudd has filed a "demand" that I fully read various documents and answer a list of questions.  Contrary to Ms. Rudd's apparent belief, however, it is not the function of this court to respond to such demands, and this motion will therefore be denied.

5.      Motion for Clarification (Docket No. 424)

In this motion, Dolores and Richard Rudd Senior rehash previously rejected arguments and request that I answer various questions in order to clarify my previous orders.  I find, however, that my prior orders are sufficiently clear and will therefore deny this motion.  Defendants are in need of competent legal advice, but it is not appropriate for this court to provide it.

Accordingly, it is ordered that the following motions are denied:

1.      Defendant Dolores Rudd's emergency demand for more time, filed April 9, 2007

(Docket No. 382);

2.     Defendant Sherilyn Gallegos's emergency demand for more time, filed April 10, 2007 (Docket No. 383);

3.     Defendant Sherilyn Gallegos's motion to purge contempt, filed April 13, 2007 (Docket No. 385);

4.     Defendant Sherilyn Gallegos's motion to purge contempt, filed April 13, 2007 (Docket No. 386);

5.     Defendant Sherilyn Gallegos's motion for a new hearing, filed April 13, 2007 (Docket No. 388);

6.     Defendant Sherilyn Gallegos's motion for a new trial, filed April 13, 2007 (Docket No. 389);

7.     Defendant Richard Rudd Junior's motion to purge contempt, filed April 13, 2007 (Docket No. 391);

8.     Defendant George Gallegos III's motion to purge contempt, filed April 13, 2007 (Docket No. 395);

9.     Defendants Dolores and Richard Rudd Senior's motion to stay, filed April 17, 2007 (Docket No. 399);

10.    Defendants Dolores and Richard Rudd Senior's motion to stay, filed April 17, 2007 (Docket No. 400);

11.    Defendant George Gallegos III's motion to change citizen status, filed April 23, 2007 (Docket No. 406);

12.    Defendant Richard Rudd Senior's motion to change citizen status, filed April 23, 2007 (Docket No. 407);

13.    Defendant Dolores Rudd's motion to change citizen status, filed April 23, 2007 (Docket No. 408);

14.    Defendant Sherilyn Gallegos's motion to change citizen status, filed April 23, 2007 (Docket No. 410);

15.    Defendant Dolores Rudd's demand for action and answer, filed April 23, 2007 (Docket No. 411);

16.    Defendants Dolores and Richard Rudd Senior's motion to vacate judgment, filed April 23, 2007 (Docket No. 412);

17.    Defendant Dolores Rudd's objection to judgment, filed April 23, 2007 (Docket No. 413)

18.    Defendant Dolores Rudd's objection to judgment, filed April 23, 2007 (Docket No. 414)

19.    Defendants Dolores and Richard Rudd Senior's motion to vacate judgments, filed May 4, 2007 (Docket No. 419)

20.    Defendant Sherilyn Gallegos's motion for clarification, filed May 23, 2007 (Docket No. 424).

DATED at Denver, Colorado, on May 29, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge