IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01310-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CO MUFFLERS UNLIMITED, INC., *et al.*,

    Defendants.

## ORDER ON VARIOUS MOTIONS

Miller, J.

This matter is before me on two demands and three motions filed by Defendants on April 17, 2008: (1) Demand for Judicial Review (Docket No. 441); (2) Demand for Void Judgment/Orders (Docket No. 442); (3) Motion for Leave of Court (Docket No. 443); (4) Motion for Stay of Judgment/Orders Pending Judicial Review (Docket No. 444); and (5) Objection and Motion to Strike Orders U.S. Attorneys are Entitled to Costs (Docket No. 448). Plaintiff has not responded to any of these motions. As Defendants are proceeding *pro se*, I must construe their pleadings liberally and hold them to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons that follow, the motions and demands shall be denied.

This case was originally brought in 2003 by the Untied States due to Defendants' failure to comply with the Internal Revenue Code. On August 10, 2004, following a hearing, I entered an order preliminarily enjoining the Defendants from violating 26 U.S.C. § 3102, 3111, 3301, 3402, 6011 and 6041 until the final adjudication of the case. Specifically, Defendants were ordered to withhold and pay various taxes and file designated forms and perform other tasks. Defendants failed to comply with this Order and, after they failed to show cause why they should not be held in contempt, I found the natural person Defendants in contempt of court on July 1, 2005 for failure to comply with the Orders of this Court. I assessed each a $100 per day fine, commencing July 1, 2005 and continuing until they complied with the August 2004 Order. A trial to the court was held on July 17, 18, and 19, 2006 during which the natural persons appeared *pro se*. Thereafter, I entered a permanent injunction against Defendants (Docket No. 377). I also ordered that judgment enter against each of the natural person Defendants in the amount of $63,700, the amount accrued for contempt of court fines assessed starting July 1, 2005, and granted Plaintiff its costs. Judgment entered on April 5, 2007.

On April 17, 2008, Defendants Dolores Kaye Rudd and Richard Dean Rudd Senior filed various motions seeking, *inter alia*, judicial review and an Order voiding the judgment. Most of the motions were later joined by Defendants Sherilyn Gallegos, George Gallegos, and Richard D. Rudd, Jr. Defendants appear to argue that Plaintiff does not have personal jurisdiction over them "in the very FIRST instance" and that, although Plaintiff had the burden of proving personal jurisdiction, it failed to do so.

Defendants argue that such failure deprives this Court of jurisdiction to enter any orders and necessitates judicial review. They further move for leave of court to reopen the case so that the issue of personal jurisdiction may be decided and a stay during such proceedings. Finally, Defendants object and move to strike my Order that Plaintiff is entitled to costs.

Judgment in this case entered on April 5, 2007, more than a year ago. Defendants' motions and demands are, therefore, untimely under either Fed. R. Civ. P. 59(e) or 60(b). Fed. R. Civ. P. 59(e) requires that a motion to alter or amend a judgment be filed within ten days after entry of the judgment. Therefore, Defendants motions cannot be considered Rule 59(e) motions. Fed. R. Civ. P. 60(b) provides that motions must be made "within a reasonable time."[1] After considering Defendants' motions, I conclude that an objection to personal jurisdiction filed more than a year after judgment entered, approximately twenty-one months after the case was tried to the Court, and approximately five years since the case was instituted is not "within a reasonable time" as required by Rule 60(b). Therefore, the motions are untimely

---

[1] Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a judgment for one of six specified reasons. The time frame for objection for three of the reasons is limited by the "reasonable time" limitation and is further restricted to "no more than one year after entry of the judgment." These three reasons are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). As the three reasons are not applicable to this case, I need only look to the "within a reasonable time" limitation to determine if Defendants' motions are timely. Indeed, it appears that the only Rule 60(b) reason that a personal jurisdiction objection could be founded on is "(6) any other reason that justifies relief."

under both Rule 59(e) and 60(b).

Accordingly, it is ordered that Defendants' motions and demands(Docket Nos. 441, 442, 443, 444, 448) are denied as untimely.


DATED at Denver, Colorado, on May 1, 2008.
BY THE COURT:


s/ Walker D. Miller
United States District Judge